UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORILLARD TOBACCO CO., | : |
| Plaintiff, | : |
| | : |
| V. | : CASE NO. 3:03-CV-1502 (RNC) |
| | : |
| OMAR, L.L.C., ET AL., | : |
| | : |
| Defendants. | : |

RULING AND ORDER

Plaintiff brings this action for trademark infringement against Omar, L.L.C. ("Omar"), which operates a convenience store known as "Omar's Deli," and its owners, Jihad Alwani and Mounzer Zeineddin, claiming that counterfeit Newport® cigarettes were offered for sale at Omar's Deli on two occasions in 2003.

Plaintiff has moved for summary judgment against Omar and Alwani (but not Zeineddin) on counts one, five and six of the complaint as to liability only.[1]  Omar and Alwani do not object to summary judgment being entered against them on these claims, but contend that any infringement was unintentional.  "Innocent infringement," as it is called, is not a defense to liability for infringement, but a ground for limiting the remedy to injunctive relief.  See 15 U.S.C. § 1114(2)(A).  Plaintiff's motion for summary judgment is therefore granted, in the absence of

---

[1] Count one is a claim for trademark infringement under the Lanham Act, 15 U,S.C. §§ 1051, et seq.; count five is a common law claim for trademark infringement; and count six is a claim under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110, et seq.

opposition, for good cause shown.  See Lopresti v. Spectrum Press, Inc., No. 00 Civ. 2842 (LMM), 2001 WL 1568434, at *4 (S.D.N.Y. Dec. 5, 2001) (granting summary judgment on liability when only defense was innocent infringement).

A motion for summary judgment has also been filed by defendant Zeineddin on the ground that, although he is a part owner of Omar, he had no involvement in, or contemporaneous knowledge of, any purchases of cigarettes that resulted in Omar's offering of counterfeit cigarettes for sale.  Plaintiff contends on the basis of Zeineddin's deposition testimony and an interrogatory response that, before this lawsuit was filed, Zeineddin knew Alwani was buying cigarettes at gas stations, which can be a source of counterfeit cigarettes.  Zeineddin replies that the inference plaintiff is drawing is unjustified. I agree.

Though Zeineddin's deposition testimony is somewhat confusing, he did not admit having contemporaneous knowledge of Alwani's cigarette purchases at gas stations.  See Zeineddin Dep. at 80-81, 89-90, 93, 134, Ex. A to Zeineddin Aff.  Moreover, the interrogatory response, which states that he had such knowledge, Ex. A & Ex. B. to Feigenbaum Aff., is inaccurate in that regard due to a mistake on the part of counsel.  See Zeineddin Dep. at 86-87(statement of counsel) ("What had happened was, when I had prepared the responses, I had prepared for both of them. . . While the source of that information was more directly Mr. Alwani").  Plaintiff offers nothing else to support a finding

-2-

that Zeineddin had contemporaneous knowledge of Alwani's purchases except Alwani's assertion of his privilege against self-incrimination, which is irrelevant.

Accordingly, the motions for summary judgment are hereby granted.

So ordered.

Dated at Hartford, Connecticut this 1st day of October 2005.

/S/
Robert N. Chatigny
United States District Judge